EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ANGEL GANDÍA, acusado y apelante.

No. 5333.—*Sometido:* Febrero 11, 1934. *Resuelto:* Mayo 2, 1934.

*R. Rivera Zayas,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Se apela de una sentencia de la Corte de Distrito de Arecibo por virtud de la cual se condenó a Angel Gandía a su-

---

* NOTA: Véase el prefacio.

frir la pena de treinta días de cárcel como autor de un delito de portar armas prohibidas, alegándose que la corte cometió error al declarar sin lugar una moción del acusado sobre supresión de prueba y al condenarlo a virtud de evidencia que no debió tomarse en consideración y sin la cual la otra aportada hubiese sido insuficiente.

De la transcripción resulta que se imputó al acusado el hecho de la portación sobre su persona de un revólver, arma expresamente prohibida por la ley, y que llamada su causa para verse en la corte de distrito presentó en efecto una moción en solicitud de que el arma ocupada y las declaraciones relacionadas con ella fueran suprimidas y eliminadas como prueba por haberse ocupado el arma a virtud de un registro ilegal practicado cuando el acusado no estaba violando ley alguna y observaba una conducta correcta.

Se estipuló que se oyeran los testigos de cargo sin que ello implicara que el acusado renunciaba su moción. Declaró Domingo Beniamino, Jefe de Distrito de la Policía Insular, Dimas Padilla, guardia del mismo cuerpo, y Alejandro Díaz, vecino de Manatí. La defensa presentó como única, evidencia una copia de una sentencia dictada por la Corte Municipal de Manatí absolviendo al acusado de un delito de alteración de la paz. Y la corte declaró sin lugar la moción y dictó la sentencia a que nos referimos anteriormente.

A nuestro juicio la evidencia aportada no demuestra la práctica de un registro ilegal.

El Jefe Beniamino declaró que el 29 de abril de 1932 llevándose a efecto en Manatí las inscripciones de electores para las elecciones generales de noviembre próximo y estando en fila cien o más personas, el acusado trató de sacar de la fila a un elector, y lo arrestó, y al arrestarlo, lo registró y le ocupó un revólver.

El guardia Padilla dijo que en tal ocasión "hubo un pequeño incidente en las filas . . . había un muchacho sentado en la fila y el acusado Angel Gandía trató de levantarlo . . . y se emburujaron los dos y avanzó el jefe y detrás yo . . .

y Angel Gandía se echó mano aquí y avanzó el Jefe y le echó mano a un revólver que tenía en el gabán."

Por último Díaz manifestó que "estaba sentado en una silla en la fila . . . para ver si conseguía inscribirse y tenía un papelito en la mano . . . y (el acusado) dijo: dámelo para verlo, y no se lo dí, y salió por la puerta, y cuando salió afuera se fué a meter la mano en el seno, y el Jefe lo vió y le sacó un revólver."

En tal ocasión y bajo esas condiciones pudo a nuestro juicio intervenir la Policía y ocupar el arma de que se trata en la forma en que lo hizo, sin que ello constituyera un registro ilegal.

Dice la sección 10 de la propia ley que prohibe la portación de armas:

"Será ilegal que funcionario alguno de policía registre a un ciudadano que se conduzca pacífica y ordenadamente, con el objeto de confiscar algún arma de fuego o de otra clase especificada en esta Ley. Será legal, el verificar semejante registro a la persona que perturbare o amenazare ostensiblemente perturbar la paz, o a cualquier persona en estado de embriaguez, o que observare conducta desordenada o que hiciere ostentación de portar algún arma. Todo funcionario de policía que incurra en violación de este artículo, será responsable de *misdemeanor* y convicto que fuere, además de las penas impuestas por la ley será deshonrosamente separado de su cargo." Ley No. 14 de 1924, Leyes de 1924, p. 121.

La circunstancia de que el acusado fuera denunciado también a virtud de los hechos ocurridos por el delito de turbar la paz y que la corte municipal lo absolviera, no tiene fuerza decisiva para demostrar en este caso que debe juzgarse por sus propios méritos, que el acusado observando una conducta correcta fuera víctima de un registro ilegal.

La declaración de Díaz es bien floja en verdad, pero aun así muestra claramente el origen del suceso. Las declaraciones de Beniamino y Padilla dan más color a la actuación del acusado que toma sus verdaderas proporciones cuando se la considera en relación con el acto que allí se realizaba, con

la misión que allí tenían los encargados de impedir que el orden se alterara a fin de garantizar los derechos de todos por igual y con lo rápido y certero del juicio del funcionario que intervino y que puesto en práctica dió por resultado inmediato el hallazgo del arma que se portaba en contravención de la ley.

Habiendo llegado a esa conclusión, y siendo la prueba de la portación ilegal del arma suficiente, debe declararse sin lugar el recurso y *confirmarse la sentencia apelada.*

El Juez Asociado Señor Wolf está conforme con el resultado.